UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIS BOYD ANNIS, III,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>JUSTIN M. CLOUSER, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 3:22-cv-00054-ART-CSD<br><br>ORDER |

*Pro se* Plaintiff Willis Boyd Annis, III, brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Craig S. Denney (ECF No. 10), recommending dismissal of this action without prejudice, denial of Plaintiff's IFP application as moot, and administrative closure of this case. Plaintiff had until April 20, 2022 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will dismiss this action without prejudice, deny Plaintiff's IFP application as moot, and administratively close this case.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the

record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Denney did not clearly err. Here, Judge Denney recommends dismissal of this action because Plaintiff principally seeks relief from detention due to ineffective assistance of counsel, and a habeas corpus proceeding, not a § 1983 action, is the proper mechanism for relief from detention. (ECF No. 10 at 1.) The Court agrees with Judge Denney. Judge Denney also recommended denial of Plaintiff's IFP application because it was not submitted on the Court's form. Although Plaintiff submitted much of the information required by the court's IFP application form, Local Rule LSR 1-1 requires that the application be made on the form provided by the Court. Plaintiff was advised of this deficiency and provided with an IFP application form (ECF No. 6), and Plaintiff failed to respond. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 10) is accepted and adopted in full.

It is further ordered that Plaintiff's action be DISMISSED.

It is further ordered that Plaintiff's IFP application be DENIED AS MOOT.

DATED THIS 10th Day of June 2022.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE